SENTENCIA
El Centro Unido de Detallistas (CUD) comparece ante este Tribunal mediante una petición de certiorari para so-licitar la revocación de la resolución emitida por la Junta de Planificación el 5 de septiembre de 2000. Mediante su resolución, la Junta aprobó la Consulta de Ubicación Núm. 2000-47-0127-JPU para un desarrollo extenso mixto (resi-dencial-comercial) en el barrio Mamey del municipio de Gurabo. Según el CUD, Hal Development Corporation no cumplió con la See. 4.02(5) del Reglamento de Procedi-mientos Adjudicativos de la Junta de Planificación, Regla-mento Núm. 6031 del Departamento de Estado, 13 de oc-tubre de 1999, págs. 20-21. El Tribunal de Apelaciones denegó el auto de revisión.
*602 I
El 15 de febrero de 2000, Hal Development Corporation presentó una consulta de ubicación ante la Junta de Pla-nificación para un proyecto de desarrollo extenso mixto en una finca con cabida de aproximadamente 32.00 cuerdas que radica en el barrio Mamey del municipio de Gurabo (Consulta de Ubicación Núm. 2000-47-0127-JPU). Según las conclusiones de derecho de la Junta, el proyecto estaría ubicado en un Distrito R-0.(1)
El proyecto propuesto consiste de ciento ocho aparta-mentos de tres habitaciones tipo walk-up y un área comer-cial de ciento cincuenta y nueve mil pies cuadrados. Según la resolución emitida por la Junta de Planificación el 16 de agosto de 2000, el área comercial estaría distribuida en cuatro restaurantes de comida rápida de tres mil quinien-tos pies cuadrados cada uno, un banco con cinco mil pies cuadrados, área de oficina de diecinueve mil pies cuadra-dos, una farmacia de dieciséis mil pies cuadrados, tiendas pequeñas para un total de veinticinco mil pies cuadrados, dos restaurantes de cinco mil pies cuadrados cada uno, su-permercado de cincuenta mil pies cuadrados y salas de cine con un área de construcción de veinte mil pies cuadrados. Por otro lado, los ciento ocho apartamentos del área residencial se distribuirán en veintisiete módulos de cuatro pisos cada uno.
El 24 de abril de 2000, el Ledo. Carlos M. Declet, en representación del CUD, presentó una “Moción de inter-vención y oposición”. El CUD solicitó que se denegara la consulta solicitada por el impacto que el proyecto tendría *603 en los pequeños y medianos comerciantes, y que se cum-pliera con la See. 4.02(5) del Reglamento de Procedimien-tos Adjudicativos de la Junta de Planificación, supra. El 26 de abril de 2000, la solicitud de intervención fue declarada “con lugar”.
La vista pública se celebró el 28 de abril de 2000 en la Casa Alcaldía del municipio de Gurabo y fue presidida por Wanda Ortiz Rivera, Oficial Examinadora de la Junta de Planificación, quien contó con la asistencia técnica de la Sra. Brenda Ortiz, Analista de Planificación del Negociado de Consultas de la Junta de Planificación. Comparecieron las personas siguientes: las Ledas. Leonor Porrata-Doria e Ileana Fontánez Fuentes, y el ingeniero Roberto López Rosario como representantes de Hal Development Corporation; el Sr. Carlos Martínez, Director de Programas Fede-rales del municipio de Gurabo; el Sr. Pedro García como Asambleísta Municipal y el Ledo. Carlos M. Declet en re-presentación del CUD. Además, los Sres. José A. Rivera Rodríguez, José Ramón González y Ángel D. Agosto Vélez, Presidente de la Asociación de Residentes de la Urb. Flam-boyanes, Inc., comparecieron como residentes o conocedo-res del sector donde se ubicaría el proyecto.
En la vista pública el CUD reiteró su solicitud sobre la necesidad de que Hal Development Corporation cumpliera con los requisitos de la See. 4.02(5) del Reglamento de Pro-cedimientos Adjudicativos, supra. Hal Development Corporation admitió no tener en ese momento la información necesaria para cumplir con este requisito. La Oficial Exa-minadora le concedió un tiempo adicional, y el 6 de junio de 2000 Hal Development Corporation presentó una “Mo-ción informativa” y una “Moción sometiendo propuestas determinaciones de hechos y conclusiones de derecho”. El CUD se opuso a lo expresado en estas mociones por enten-der que “se obvió desglosar y aportar prueba sobre los re-quisitos propuestos en la Sección 4.02(5) del Reglamento de Procedimientos Adjudicativos”.
*604 Réplica a moción sometiendo propuestas determinaciones de hechos y conclusiones de derecho, Apéndice de la Peti-ción de certiorari, pág. 32.
El 9 de agosto de 2000, la Oficial Examinadora de la Junta de Planificación emitió el “Informe sobre audiencia pública”, recomendando la aprobación de la consulta de ubicación en controversia. No hizo determinación alguna en cuanto al cumplimiento de Hal Development Corporation con los requisitos de la See. 4.02(5) del Reglamento, supra, limitándose a expresar que la Junta de Plainifica-ción “deberá evaluar si la información sometida sobre los datos económicos del censo del 1990 y los datos sobre la fuerza laboral es información que suple los criterios reque-ridos en la Sección 4.02(5) del Reglamento de Procedimien-tos Adjudicativos”. La Junta de Planificación aprobó la consulta de ubicación el 5 de septiembre de 2000, sin resolver nada en concreto en cuanto a esos extremos.
El CUD, sin embargo, entendió que la Junta de Planifi-cación incidió al aprobar la consulta de ubicación. El 5 de octubre de 2000 presentó un recurso de revisión ante el entonces Tribunal de Circuito de Apelaciones. Según el CUD, Hal Development Corporation incumplió con los re-quisitos establecidos en la See. 4.02(5) del Reglamento de Procedimientos Adjudicativos, supra. El 13 de noviembre de 2000, el foro apelativo intermedio denegó la expedición del auto por entender que “la Junta basó su determinación en la prueba que desfiló ante su consideración y que la misma fue suficiente para sostener la aprobación de la con-sulta de ubicación”. Apéndice de la Petición de certiorari, pág. 6. El 15 de diciembre de 2000 el CUD presentó una petición de certiorari ante este Tribunal. En esencia, el CUD alega que la Junta de Planificación erró al aprobar la consulta de ubicación en controversia sin haberse cumplido con la See. 4.02(5) del Reglamento de Procedimientos Ad-judicativos, supra.
Expedimos el auto solicitado el 9 de febrero de 2001.
*605 hH I — I
Con el beneficio de la comparecencia de todas las partes y luego de haber evaluado detenidamente el expediente, revocamos la resolución recurrida y la decisión de la Junta de Planificación de aprobar la Consulta de Ubicación Núm. 2000-47-0127-JPU.
Lo acuerda y manda el Tribunal y certifica la Secretaria de Tribunal Supremo Interina. La Jueza Asociada Señora Fiol Matta emitió una opinión de conformidad. El Juez Asociado Señor Rebollo López expresó que disintió por en-tender que es errónea la actuación de la Mayoría al revocar la actuación del Tribunal de Apelaciones, confirmatoria de la decisión de la Junta de Planificación de la consulta de ubicación en controversia. Ello, según el criterio del Juez Asociado Señor Rebollo López, por razón de que la decisión emitida por la Junta de Planificación —agencia con cono-cimiento altamente especializado respecto a las controver-sias planteadas y cuyas determinaciones merecen gran de-ferencia de parte del foro judicial— fue razonable, a la luz de las normas de derecho pertinentes y de los hechos espe-cíficos del caso ante nuestra consideración. Dicha decisión, además, encuentra apoyo sustancial en la evidencia que desfilara ante la Junta. Entiende el Juez Asociado Señor Rebollo López que la opinión de conformidad emitida —en la cual se fundamenta la Sentencia del Tribunal— aun cuando niega estar exigiendo como requisito la existencia, en esta clase de situaciones, de un “estudio económico” o de “viabilidad económica”, en realidad lo está estableciendo; ello con el obvio propósito de hacer más onerosa la aproba-ción de las consultas de ubicación. El Juez Asociado Señor Rivera Pérez disintió uniéndose a la expresión del Juez Asociado Señor Rebollo López. El Juez Asociado Señor Fus-ter Berlingeri no intervino.
*606 (.Fdo.) Dimarie Alicea Lozada

Secretaria del Tribunal Supremo Interina

 En las conclusiones de derecho de la resolución en la que se aprobó la consulta, la Junta de Planificación señaló que los “terrenos objeto de consulta están comprendi-dos dentro de un Distrito (R-0), según el Mapa de Zonificación de Gurabo”. Apéndice de la Petición de certiorari, pág. 51. Al aprobar la consulta, la Junta determinó que “[piara el área comercial se utilizarán parámetros de diseño conformes a un Distrito C-2 y para la parte residencial serán conformes arm Distrito R-3”. Id., pág. 55.